IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A., | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION 14-0015-WS-C |
| ATMORE-BREWTON-MARSHALL PROPERTIES, LLC, *et al.*, | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on plaintiff's Motion for Expedited Hearing of Motion for Appointment of a Receiver (doc. 4).

On January 14, 2014, plaintiff, Wells Fargo Bank, N.A., filed a Complaint (doc. 1) in this District Court against named defendants, Atmore-Brewton-Marshall Properties, LLC and Michael W. Dendy. The Complaint alleges that Wells Fargo made a commercial loan to defendants in 2009 in an amount exceeding $5 million, with such loan secured by a mortgage and assignment of rents on certain real properties owned by ABM in Escambia County and Marshall County, Alabama. According to the Complaint, such real properties include a pair of retail centers, an apartment building, a single-tenant retail building, and an industrial property.

The Complaint alleges that Wells Fargo sent defendants a demand letter on August 29, 2013, notifying them of their noncompliance with certain obligations under the loan documents, then declared the loan to be in default and accelerated the loan via letter dated September 18, 2013. These letters specifically referenced Wells Fargo's concerns about the need for significant repairs to certain mortgaged property and defendants' failure to arrange to redeem certain mortgaged property from tax sales because of defendants' failure to pay *ad valorem* taxes due and owing for 2011 and 2012. The Complaint further alleges that defendants never cured these or other defaults under the loan documents.

In light of these and other circumstances enumerated in the 17-page Complaint, Wells Fargo asserts causes of action against defendants for breach of contract (as to which plaintiff

seeks a monetary award covering all outstanding principal amounts of the loan, plus interest, late charges, attorney's fees and costs) and appointment of receiver. As to the latter claim (which is Count II of the Complaint), Wells Fargo seeks appointment of a receiver to take immediate possession of defendants' various real property encumbered by the mortgage (as described above), both as a matter of contract and as a matter of equity.

Contemporaneously with the Complaint, Wells Fargo filed a 28-page Motion for Appointment of Receiver (doc. 3), setting forth in extensive legal and factual detail the reasons why it believes it is entitled to appointment of a receiver, and identifying the particular receiver whom plaintiff wishes to be appointed. In that Motion, Wells Fargo relies on what it calls "the urgency of the situation" because defendants allegedly have not made principal payments, have not maintained the mortgaged property, and have not paid assessed taxes on such property for several years. (Doc. 3, at 3.) Plaintiff concludes that there is an "immediate need for a receiver to take control of the Property." (*Id.*)

Along with the Complaint and the Motion for Appointment of Receiver (the "Receiver Motion"), Wells Fargo filed a Motion for Expedited Hearing (doc. 4) as to the Receiver Motion. Specifically, plaintiff moves for a hearing on the Receiver Motion "as soon as this Court's calendar will allow" and relies on what it calls "the exigent nature of the circumstances surrounding the Property." (Doc. 4, at 1, 4.) Those "exigent circumstances" are, apparently, defendants' failure to make principal payments dating back to October 2013, defendants' failure to maintain the property in good repair, defendants' failure to pay *ad valorem* taxes on all or part of the mortgaged property over the last three years, and the frustration experienced by plaintiff in attempting to contact defendants to discuss these matters.

What plaintiff contemplates, then, is that this Court will conduct a hearing on the Receiver Motion on an emergency basis (*i.e.*, within the next few days)[1] because of the above-described exigencies. This proposal, if adopted by the Court, would operate in contravention of the normal, well-established path for civil litigation under the Federal Rules of Civil Procedure and the Local Rules. In effect, plaintiff is asking for the Court to conduct the equivalent of a summary judgment hearing on Count Two of the Complaint before defendants have even been

---

[1] Confirming the immediacy of that timetable, plaintiff's counsel called chambers to request that the hearing not be set on Tuesday, January 21, 2014, because of a conflict.

served with process.[2] Such a procedure would obviously place defendants at an enormous strategic and practical disadvantage by having to procure counsel and prepare for an essentially dispositive hearing on Count Two on the fly at a moment's notice, whereas plaintiff has enjoyed the benefit of months to craft its arguments, refine its filings, and prepare in stealth to strike. It would also be extraordinarily disruptive to the Court's civil docket to allow this case to vault to the front of the line, bypassing myriad older cases in which litigants are awaiting rulings, all because plaintiff here invokes "urgency." And it would place the Court in the undesirable position of having to "shoot from the hip" at said hastily-called hearing without the benefit of full briefing or thoughtful prior deliberation.

That's not to say, of course, that emergency motions such as plaintiff's are never permitted in federal court. They are, but they are highly disfavored. *See generally Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438-39, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974) ("our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute"). A party like Wells Fargo seeking to tilt the playing field against its adversaries and receive the extraordinary remedy of an immediate hearing with minimal notice must make a threshold equitable showing that some terrible harm is likely to befall it unless the Court and the defendants drop everything and take up the matter right now. Tossing around buzzwords like "urgency" and "exigency" does not suffice. Yet that is all Wells Fargo has done. To be sure, plaintiff points out that defendants did not make their principal payments on the loan for October, November or December 2013; that defendants have not paid *ad valorem* taxes for some of the mortgaged property for the last three years, raising the unwelcome spectre of tax sales; that certain of the mortgaged property has not been maintained in good repair, such that "the value of the Property is potentially decreasing;" and so on. (Doc. 4, at 3.) But plaintiff does not show, or even allege, that these circumstances (individually or cumulatively) would likely damage Wells Fargo in

---

[2] The Clerk's Office issued summonses for defendants on the morning of January 16, 2014. Plaintiff's announced intent is to serve defendant via certified mail and no other means, so service will likely not be perfected for several more days. Also, the record lacks any indication that Wells Fargo has previously notified defendants of the pendency of this action or its motion for expedited hearing. As of this moment, then, the Court has no reason to believe that defendants are even aware they have been sued, much less that Wells Fargo is angling for a merits hearing on Count II "as soon as practicable." (Doc. 4, ¶ 6.)

some drastic or irreparable way during the approximately 30-day interval required to litigate and decide the Motion for Appointment of Receiver properly under an ordinary timetable. Stated differently, plaintiff has not shown why the interests of justice favor deviation from normal protocols by setting an emergency hearing on the Receiver Motion right now.

What's more, plaintiff's own filings confirm that the adverse circumstances that it contends create a need for urgent, expedited relief have been known to it for a period of months, dating back in some instances to August or September of last year. Yet plaintiff refrained from filing its Complaint until January 14, 2014. Such a course of conduct is inconsistent with the present hue and cry for an expedited remedy. *See generally Beame v. Friends of the Earth*, 434 U.S. 1310, 1313, 98 S.Ct. 4, 54 L.Ed.2d 23 (1977) ("The applicants' delay in filing their petition and seeking a stay vitiates much of the force of their allegations of irreparable harm.") (Marshall, J.); *Tough Traveler, Ltd. v. Outbound Products*, 60 F.3d 964, 968 (2nd Cir. 1995) (where plaintiff seeking immediate, emergency relief delays in bringing suit, such delay may preclude emergency relief because "failure to act sooner undercuts the sense of urgency that ordinarily accompanies a motion for preliminary relief and suggests that there is, in fact, no irreparable injury") (citation omitted); *Mobile County Water, Sewer and Fire Protection Authority, Inc. v. Mobile Area Water and Sewer System, Inc.*, 2007 WL 3208587, *6 & n.11 (S.D. Ala. Oct. 29, 2007) (collecting cases for proposition that "plaintiff's long history of inaction in the face of actual knowledge of defendant's [complained-of conduct] appears fundamentally incompatible with its present cries of irreparable harm"); *Love v. Blue Cross and Blue Shield of Arizona, Inc.*, 2010 WL 1249120, *5 (S.D. Fla. Mar. 25, 2010) (plaintiff's delay in filing motion seeking extraordinary relief undermines "theory that there is an urgent need for speedy action to protect the plaintiffs' rights") (citation omitted); *Kensington Partners v. Cordillera Ranch, Ltd.*, 1998 WL 1782540, *11 (W.D. Tex. June 16, 1998) ("[d]elay in bringing suit undercuts the sense of urgency").[3] Plaintiff's conduct in delaying, then demanding an expedited hearing that disadvantages

---

[3] The Court recognizes, of course, that many of these cases involve motions for temporary restraining order or preliminary injunction under Rule 65. This case does not; however, the analogy is fitting and appropriate. After all, much like a Rule 65 motion, Wells Fargo is requesting an immediate ruling and an immediate remedy on the merits of Count II, from the very inception of this litigation.

defendants, also conflicts with the maxim that "a litigant who seeks equity must do equity." *In re U.S. Lines, Inc.*, 318 F.3d 432, 437 (2nd Cir. 2003).

For all of the foregoing reasons, plaintiff's Motion for Expedited Hearing of Motion for Appointment of a Receiver (doc. 4) is **denied**.

That said, the Court will not allow the Motion for the Appointment of a Receiver (doc. 3) to languish indefinitely. To that end, defendants are **ordered** to file a response (supported by exhibits and legal authority, as appropriate) to the Motion for Appointment of Receiver on or before **February 3, 2014**. Plaintiff will be allowed until **February 10, 2014** to file a reply. (On or before that same date, plaintiff must e-mail an electronic copy – in Microsoft Word format – of the lengthy proposed Order Appointing Receiver found at Exhibit 1 to the Motion to the following email address: *efile_steele@alsd.uscourts.gov*.)[4] If the Court determines that an evidentiary hearing or oral argument is necessary, the parties will be notified and a hearing will be scheduled during mid-February. Otherwise, the Motion will be taken under submission after **February 10, 2014**.

Plaintiff is **ordered** to undertake all commercially reasonable measures to ensure that a copy of this Order is actually delivered to defendants or their counsel by no later than **January 21, 2014**, and to file a notice of compliance demonstrating that they have done so.

DONE and ORDERED this 17th day of January, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] This requirement is imposed pursuant to § II.E.4 of the *Administrative Procedure for Filing, Signing, and Verifying Documents by Electronic Means in the United States District Court for the Southern District of Alabama*. All parties are reminded that this e-mail address is not to be utilized to communicate with the Court except as provided in § II.E.4, or as otherwise directed by the undersigned.